IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No. 7:11-cv-290 |
| v. | § § | C O M P L A I N T |
| FRANK A. MORA D/B/A OASIS DRY CLEANERS, | § § § | JURY TRIAL DEMAND |
| Defendant. | § § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex, female, and to provide appropriate relief to Belinda Ayala who was adversely affected by such practices.  More specifically, Plaintiff, Equal Employment Opportunity Commission (hereinafter known as the "Commission") alleges that Elvis Guzman, the General Manager of Oasis Dry Cleaners, subjected Belinda Ayala to a hostile work environment because of her sex, female, by subjecting her to verbally offensive harassment, unwelcome physical touching and sexual propositions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

## PARTIES

3.	Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant, Frank A. Mora doing business as Oasis Dry Cleaners (hereinafter "Oasis"), has continuously been a proprietorship doing business in the State of Texas and the City of McAllen, and has continuously had at least fifteen employees.

5.	At all relevant times, Defendant, Oasis, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, Belinda Ayala filed a charge with the Commission alleging violations of Title VII by Defendant, Oasis. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.	Since at least August 25, 2009, Defendant, Oasis, has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). The sexual harassment to which the Belinda Ayala was subjected included, but is not limited to:

a.	Requests by the Defendant's General Manager for sexual favors;

b.	Physical touching by the General Manager in a suggestive manner that invaded Ms. Ayala's privacy, in ways which included repeatedly putting his hands around

        the waist, and unnecessarily bumping his body against her;

c.    Defendant's supervisory personnel had knowledge of the sexual harassment, but allowed the sexually hostile environment to exist; and

d.    Defendant did not have an effective policy for addressing sexual harassment in the workplace, and it failed or refused to take prompt and effective remedial measures to prevent and correct the discriminatory conduct.

8.    The effect of the practices complained of in paragraph seven (7) has been to deprive Belinda Ayala of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female.

9.    The unlawful employment practices complained of in paragraph seven (7) above were intentional.

10.    The unlawful employment practices complained of in paragraph seven (7) above were done with malice or with reckless indifference to the federally protected rights of Belinda Ayala.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, Oasis, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which facilitates, condones, or encourages a hostile work environment based on sex, female, and from engaging in any other employment practices which discriminate on the basis of sex;

B.    Order Defendant, Oasis, to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and individuals who participate in Title VII protected activity, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Belinda Ayala by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven (7) above, in an amount to be determined at trial;

D. Order Defendant to make whole Belinda Ayala by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph seven (7) above, including, but not limited to, emotional pain, suffering, humiliation, anxiety, inconvenience, and loss of enjoyment of life, in an amount to determined at trial;

E. Order Defendant to pay Belinda Ayala punitive damages for its malicious and reckless conduct described in paragraph seven (7) above, in an amount to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert A. Canino by permission
David Rivela

_____

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ Judith G. Taylor by permission
David Rivela

_____

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300
Federal ID No. 14850
e-mail:  judith.taylor@eeoc.gov



/s/ David Rivela

_____

DAVID C. RIVELA
Trial Attorney
Texas State Bar No. 00797324
Federal ID No. 32914
e-mail: david.rivela@eeoc.gov
Attorney-in-Charge

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**