UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § | |
| and § § | |
| BELINDA AYALA, § | CIVIL ACTION NO. M-11-290 |
| § § | |
| Plaintiff/Intervenor, § § | |
| VS. § § | |
| FRANK A. MORA D/B/A OASIS DRY CLEANERS, § § § § | |
| Defendant. § | |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor, Belinda Ayala ("Intervenor"), and Defendant, Frank A. Mora, individually, and as the authorized corporate officer of Two Lac, Inc. d/b/a Oasis One Dry Cleaners ("Mora"). This Consent Decree resolves the allegations raised by the EEOC and Belinda Ayala in the above-referenced Civil Action No. 7:11-cv-00290. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Belinda Ayala, who was adversely affected by such practices. More specifically, the EEOC alleged that Elvis Guzman, the General Manager of Oasis Dry Cleaners, subjected Belinda Ayala to a hostile work environment because of her sex, female, by subjecting her to verbally offensive harassment, unwelcome physical touching and

sexual propositions. Belinda Ayala intervened in the EEOC's lawsuit asserting the same causes of action as alleged by the EEOC, and brought additional claims based on hostile work environment in violation the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.051(1), and retaliation in violation of 42 U.S.C. § 2000e-3(a) and the TCHRA, Tex. Lab. Code § 21.055.

Mora asserts that by entering into this Consent Decree, he makes no admission of liability or wrongdoing, and makes no admission that the conduct was discriminatory or illegal. The EEOC, Intervenor and Mora wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the EEOC's filing of this action have been met. The parties stipulate to the Court's jurisdiction.

2. This Consent Decree resolves all issues raised in EEOC's Complaint and Intervenor's Complaint-in-Intervention in this case. EEOC and Intervenor waive further litigation of all issues raised in the above referenced Complaints. EEOC; however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Mora.

3. The duration of this Consent Decree shall be two (2) years from the date of its filing with the Court. This Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

4. During the term of this Consent Decree, Mora, his officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are hereby enjoined from discriminating against any employees on the basis of sex, female, in violation of Title VII and/or the TCHRA; engaging in or being a party to any action, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex; and creating, facilitating or permitting the existence of a work environment that is hostile to any employees through acts such as physical/verbal abuse and derogatory comments, on the basis of sex.

5. During the term of this Consent Decree, Mora, his officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are enjoined from retaliating in any manner whatsoever against any employee for opposing any employment practice made unlawful by Title VII and/or the TCHRA, or for complaining of harassment or other unlawful discrimination, filing a discrimination charge, giving testimony or assistance, or participating in any lawful manner in any investigation, proceeding, hearing or action under Title VII.

6. Within ninety (90) days from the entry of this Consent Decree, Mora will adopt, implement and distribute to all of the individuals who work at the dry cleaning business located at 120 E. Nolana, McAllen, Texas, a Spanish/English bilingual sexual harassment and retaliation policy that meets the following criteria:

    (a) States that Frank A. Mora, individually, and as the authorized corporate officer of Two Lac, Inc. d/b/a Oasis One Dry Cleaners: (i) prohibits discrimination against any employee on the basis of sex, female, in violation of Title VII; (ii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex, female, in violation of Title VII; (iii) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to any employee through acts such as physical/verbal abuse and derogatory comments based on sex, female, in

    violation of Title VII; and (iv) prohibits retaliation against any employee who reports discrimination in violation of Title VII;

  (b)  Defines and provides examples of sexual harassment and retaliation;

  (c)  Provides for prompt investigation of sexual harassment and/or retaliation complaints and for prompt action, which is appropriate and effective, to remedy the discrimination;

  (d)  Provides that upon the conclusion of Frank A. Mora's, individually, and as the authorized corporate officer of Two Lac, Inc. d/b/a Oasis One Dry Cleaners' investigation, the results of the investigation and the remedial actions taken or proposed will be promptly communicated in writing to the complaining party;

  (e)  Provides for substantial and progressive discipline for violating Mora's sexual harassment and retaliation policy up to and including discharge; and

  (f)  Requires that all employees report incidents of sexual harassment and/or retaliation to the person(s) identified by Mora as the person(s) charged with the responsibility for investigating discrimination complaints.

  7.  Within thirty (30) days from the date of this Consent Decree, Mora also agrees that he shall provide at least two (2) hours of Spanish/English bilingual training to all its employees, officials, managers and supervisors who work at the dry cleaning business located at 120 E. Nolana, McAllen, Texas, on sexual harassment and retaliation. The training shall explain that discrimination on the basis of sex, and in particular that sexual harassment violates Title VII; it shall instruct what conduct may constitute a violation of Title VII; and explain the damaging effects discrimination causes to victims, their families and co-workers, and the workplace environment. James P. Grissom, of the LAW OFFICES OF JAMES P. GRISSOM, shall conduct this training and will send a copy of the training presentation outline to the EEOC at least (10) days before any training session occurs. The EEOC shall have the right to approve the training and the instructor(s) and will not unreasonably withhold such approval. Within twenty (20) days after the training has been completed, Mora shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date.

8. Commencing on July 1, 2012, Mora, in settlement of this dispute, shall pay to Belinda Ayala, the sum total of $43,000 (FORTY-THREE THOUSAND DOLALRS) in six (6) monthly payments as follows:

    (a) Each payment will be apportioned as back wage, non-wage damages, and as attorneys fees as determined by counsel for Ms. Ayala and set forth in Exhibit "A," which is attached hereto;

    (b) The first five (5) payments (July 2012 through November 2012) shall be in the amount of $7,166.67; and

    (c) The final payment (December 2012) shall be in the amount of $7,166.65.

Payment to Belinda Ayala shall be mailed to Ms. Ayala's attorney, Kathryn Youker, Texas RioGrande Legal Aid, Inc., 316 S. Closner, Edinburg, Texas 78539. A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229. The Defendant will issue a W-2 to Ms. Ayala for the portion of the settlement proceeds designated as wages and make applicable withholdings and FICA deductions. The amount apportioned as non-wages damages shall be reported as "other income" on line three (3) of Form 1099-MISC.

9. If Mora fails to tender payment or otherwise fails to timely comply with the terms of paragraph 8 above, Mora shall:

    (a) Pay interest at the maximum rate allowed by law for any untimely or unpaid amounts; and

    (b) Bear any additional costs incurred by the EEOC and Belinda Ayala caused by the non-compliance or delay of Mora.

10. Mora agrees to post a Spanish/English bilingual notice at the dry cleaning business located at 120 E. Nolana, McAllen, Texas, for the duration of this Consent Decree, of its intent to comply with Title VII. These notices are set forth in Exhibits "B" and "C," which

are attached to this Consent Decree. Mora agrees to post a copy of Exhibits "B" and "C" in a conspicuous place at the dry cleaning business located at 120 E. Nolana, McAllen, Texas, within ten (10) days after this Consent Decree is entered by the Court. Mora shall ensure that the posting is not altered, defaced or covered by any other material.

11. The EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may:

    (a) Conduct inspections at Mora's facilities;

    (b) Interview employees; and

    (c) Examine and copy relevant documents.

12. Mora shall bear the costs associated with administering and implementing the provisions of this Consent Decree.

13. The terms of this Consent Decree shall be binding upon the EEOC, Intervenor and Mora, their agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

14. Mora will, within fifteen (15) days of the entry of this Consent Decree, provide a positive letter of reference stating the period of time Ms. Ayala worked at the dry cleaning business at 120 E. Nolana, McAllen, Texas, the position she held, and that she exceeded her performance expectations during her tenure.

15. The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action as of the date of entry of this Consent Decree by the Court, except as provided in Paragraph 8.

16. When this Consent Decree requires the submission by Mora of documents or other materials to EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

    SO ORDERED this 25th day of June, 2012, at McAllen, Texas.

_____
Randy Crane
United States District Judge

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert A. Canino w/permission
by David Rivela

_____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Judith G. Taylor w/permission
by David Rivela

_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300
Federal ID No. 14850
E-mail: judith.taylor@eeoc.gov

/s/ James P. Grissom w/permission
by David Rivela

/s/ David Rivela

_____
JAMES P. GRISSOM
Texas State Bar No. 08511900
Federal ID No. 11417
E-mail: jpglawyer01@gmail.com
Attorney-in-Charge

_____
DAVID C. RIVELA
Trial Attorney
Texas State Bar No. 00797324
Federal ID No. 32914
E-mail: david.rivela@eeoc.gov
Attorney-in-Charge

LAW OFFICE OF JAMES P. GRISSOM
3008 N. McColl Road, Suite B
McAllen, Texas 78501-6640
Telephone: (956) 994-1127
Facsimile: (888) 400-6407

**ATTORNEY FOR DEFENDANT**

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**

/s/ Kathryn Youker w/permission
by David Rivela

_____

KATHRYN YOUKER
Texas State Bar No. 24014928
Federal ID No. 33655
E-mail: kyouker@trla.org
Attorney-in-Charge
TEXAS RIOGRANDE LEGAL AID, INC.
531 E. St. Francis St.
Brownsville, Texas 78520
Telephone: (956) 982-5540
Facsimile: (956) 541-1410

PABLO J. ALMAGUER
Texas State Bar No. 24004523
Federal ID No. 22597
TEXAS RIOGRANDE LEGAL AID, INC.
316 Closner
Edinburg, Texas 78539
Telephone: (956) 393-6200
Facsimile: (956) 383-4688

**ATTORNEYS FOR INTERVENOR**

**EXHIBIT A**

**SETTLEMENT DIVISION**

*EEOC & Belinda Ayala v. Frank Mora*
Cause No. 7:11-cv-00290
U.S. District Court, S.D. Tex. - McAllen Division

Belinda Ayala
C/O Texas RioGrande Legal Aid
316 S. Closner
Edinburg, TX 78539

Totals: Back Wages: $23,500.00 - (less) employee's share of FICA
Damages: $10,040.00
Fees & Costs: $9,460.00 (payable to "Texas Rio Grande Legal Aid, Inc.")

**TOTAL SETTLEMENT $43,000.00**

DUE 7/1/12
Payment 1:   Check 1:   Back Wages: $7,166.67 -   (less) employee's share of FICA

DUE 8/1/12
Payment 2:   Check 1:   Back Wages: $7,166.67 -   (less) employee's share of FICA

DUE 9/1/12
Payment 3:   Check 1:   Back Wages: $7,166.67 -   (less) employee's share of FICA

DUE 10/1/12
Payment 4:   Check 1:   Back Wages: $1,999.99 -   (less) employee's share of FICA
                        Damages: $5,166.68

DUE 11/1/12
Payment 5:   Check 1:   Damages: $4,873.32
             Check 2:   Fees/Costs: $2,293.35   (Check payable to
                                                "Texas RioGrande Legal Aid, Inc.")

DUE 12/1/12
Payment 6:   Check 1:   Fees/Costs: $7,166.65   (Check payable to
                                                "Texas RioGrande Legal Aid, Inc.")

**TOTAL SETTLEMENT $43,000.00**

*Settlement Division* - Page 1 of 1

## EXHIBIT B

## NOTICE TO ALL EMPLOYEES

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Frank A. Mora d/b/a Oasis Dry Cleaners, that discrimination based on sex and/or retaliation is unacceptable and will not be condoned. **This is a zero tolerance policy.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on discrimination based on sex and/or retaliation, and to reiterate the Frank A. Mora d/b/a Oasis Dry Cleaners' policy on sex-based discrimination, including sexual harassment and/or retaliation as defined by title VII.

**SCOPE:** This policy extends to all employees of Frank A. Mora d/b/a Oasis Dry Cleaners, both management, non-management, and temporary/probationary.

**DEFINITION:** Sexual harassment is a form of sex-based discrimination that consists if unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. This type of conduct can constitute sexual harassment when submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individuals; or such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Whether the offense is made by a manager, co-worker, or even a non-employee like a client, contractor, or vendor, such conduct can create a hostile work environment. Some examples of sexual harassment are:

* Sharing sexually inappropriate images or videos, such as pornography;
* Sending suggestive letters, notes, or e-mails;
* Displaying inappropriate sexual images or posters in the workplace;
* Telling lewd jokes, or sharing sexual anecdotes;
* Making inappropriate sexual gestures;
* Staring in a sexually suggestive or offensive manner, or whistling;
* Making sexual comments about appearance, clothing, or body parts;
* Inappropriate touching, including pinching, patting, rubbing, or purposefully brushing up against another person;
* Asking sexual questions, such as questions about someone's sexual history or their sexual orientation; and/or
* Making offensive comments about someone's sexual orientation or gender identity.

This list is in no means exhaustive. There are other forms of sex discrimination.

**DEFINITION:** Retaliation is the punishment of an employee for engaging, in good faith, in a protected activity, such as filing a discrimination charge, opposing unlawful employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation are:

* Suspension;
* Reduction of pay;
* Discharge;
* Reassignment of job duties;
* Reduction of work hours; and/or
* Reassignment to a different work shift.

This list is in no means exhaustive. There are other forms of retaliation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding sex based discrimination, and retaliation. All employees are expected to read, understand, and follow Frank A. Mora d/b/a Oasis Dry Cleaners' policy against sex based discrimination and/or retaliation

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination based on sex and/or retaliation is expected to report the conduct as soon as possible to either that person's department supervisor or any supervisor or manager with Frank A. Mora d/b/a Oasis Dry Cleaners, Human Resources Department. Supervisors and managers who are informed of any alleged incident of discrimination must immediately notify Human Resources. A person either alternatively, or in addition to reporting such an allegation to Frank A. Mora d/b/a Oasis Dry Cleaners' officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (866) 408-8075. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by Frank A. Mora d/b/a Oasis Dry Cleaners' Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination including, but not limited to, sexual harassment and/or retaliation, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of

discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Frank A. Mora d/b/a Oasis Dry Cleaners will not punish you for reporting sex-based discrimination or sexual harassment simply because you have made a complaint under the above guidelines.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.

Signed this _____ day of _____, 2012.


_____                _____
Date                        Frank A. Mora

## EXHIBIR C

### AVISO A TODOS LOS EMPLEADOS

**POLITICA:** Cualquier tipo de discriminación puede a menudo afectar el rendimiento laboral de los trabajadores, desalienta a los empleados a que permanezcan en el trabajo, afecta la promocion de los empleados de avanzar en sus carreras y desminuye la moral y la productividad de los empleados. Es la política de Frank A. Mora d/b/a Oasis Dry Cleaners, que la discriminación basada en el sexo y/o la represalia es inaceptable y no va a ser tolerada. **Se trata de una regla de cero tolerancia.**

**PRÓPOSITO:** El propósito de esta política es para reafirmar y ampliar la posición del Título VII de la Ley de Derechos Civiles de 1964, enmendadas y instruciones de la Comisión Para La Igualdad de Oportunidades en el empleo (EEOC) tocante dIscriminación en base a sexo y/o represalia, y reiterar Frank A. Mora d/b/a Oasis Dry Cleaners' la política sobre la discriminación por motivos de sexo, incluyendo acoso sexual o represalias, tal como se define en el Título VII.

**ÁMBITO:** Esta regla es applicable a todos los empleados de Frank A. Mora d/b/a Oasis Dry Cleaners, tanto miembros de la gerencia general, empleados de tiempo completo, temporal o a prueba.

**DEFINICIÓN:** El acoso sexual es una forma de discriminación por motivos de sexo que consiste de intentos sexuales no aceptables por el empleado, peticiones de favores sexuales y otra conducta verbal o física de naturaleza sexual. Este tipo de conducta puede constituir acoso sexual cuando sumisión a tal conducta es expresado al empleado explícitamente o indirectamente como un requisito o condición para que el empleado reciba cualquier beneficio de su empleo; sumisión a, o rechazo de tal conducta por el empleado es utilizado como base para las decisiones de empleo que afectan a los empleados; o cuando dicha conducta tiene el propósito o el efecto de interferir en una manera no acceptable con el rendimiento del trabajo de el empleado o crear un ambiente de empleo intimidante, hostil ú ofensivo o extremadamente incomodo para el empleado. No importa si tal conducta/ofensa es hecha por un gerente, otro empleado, o hasta un cliente que no es empleado, un contratista o un vendedor, esta conducta puede crear un ambiente de trabajo hostil. Algunos ejemplos de acoso sexual:

* Compartiendo imágenes sexualmente inapropiadas o vídeos, tal como la pornografía;
* Envíando cartas, notas, o mensajes electrónicos sexualmente sugestivas;
* Visualización de imágenes sexuales inapropiadas o cartelones en el lugar de trabajo;
* Contar chistes obscenos o compartir anécdotas sexuales;
* Haciendo gestos sexuales inadecuados;
* Mirando de manera sexualmente sugerente o ofensiva o silbar;
* Hacer comentarios sexuales tocante la apariencia, ropa o partes del cuerpo;
* Tocando inapropiadamente a otra persona de cualquier manera, incluyendo apretar, acaricia, frotar, o a propósito rosando contra otra persona;

* Haciendo preguntas sexuales, tal como preguntas de la vida sexual de una persona o su orientación sexual; y/o identidad del sexo de la otra persona.
* Haciendo comentarios ofensivos tocante a la orientación sexual o identidad de sexo de otras personas.

Esta lista no es de ninguna manera exhaustiva. Hay otras formas de discriminación sexual.

**DEFINICIÓN:** Represalia es el castigo que recibe un empleado por la empresa por participar, en buena fe, en una actividad protegida, tal como presentar una queja de discriminación, oponerse a prácticas ilegales de la empresa, y/o dar testimonio, asistir, o participar de cualquier manera en una investigación, procedimiento o audiencia bajo del Título VII. Algunos ejemplos de represalia son los siguientes:

* Suspensión;
* Reducción de salario;
* Despido del trabajo;
* Cambio de responsabilidades de previa posición de trabajo.
* Reducción de horas de trabajo; y/o
* Reasignación a un turno de trabajo diferente.

Esta lista no es de ninguna manera exhaustiva. Hay otras formas de represalias.

**RESPONSABILIDAD:** Cada nivel de gerencia/administración es responsable de asegurar que todas las reglas, procedimientos y actividades tocante a los trabajadores esten completamente en cumplimiento con las leyes federales, estatales, y locales de la ley de igualdad de empleo, estatutos, reglas y regulaciones tocante a la discriminacion basada en sexo y represalias. Todos los empleados estan obligados a leer, entender y cumplir con las reglas de Frank A. Mora d/b/a Oasis Dry Cleaners' tocante a la discriminacion basada en sexo y represalias.

**PROCEDIMIENTOS DE NOTIFICACIÓN:** Cualquier empleado que cree que él o ella ha sido sometida a discriminación basada en el sexo y/o represalia se espera que informe la conducta tan pronto como sea posible al supervisor del departamento de esa persona o cualquier supervisor/gerente y con Frank A. Mora d/b/a Oasis Dry Cleaners, del Departamento de Recursos Humanos. Supervisores y gerentes que estén informados de cualquier presunto incidente de discriminación deben notificar inmediatamente a Recursos Humanos. Un empleado puede en forma alternativa, además de informar de esta queja a Frank A. Mora d/b/a Oasis Dry Cleaners' funcionarios, puede comunicarse con la Comisión Para La Igualdad de Oportunidad en el Empleo de los Estados Unidos con el proposito de presenter una queja de discriminación en el empleo. La dirección y número de teléfono de la U.S. EEOC office es 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (866) 408-8075. Información sobre sus derechos y cómo presentar un cargo está disponible en Internet en www.eeoc.gov.

**INVESTIGACIÓN DE LAS DENUNCIAS:** Imediatamente se llevara acabo una investigación completa de cada queja de discriminación basada en sexo y/o represalias por Frank A. Mora d/b/a Oasis Dry Cleaners' Departamento de Recursos Humanos. La investigación puede incluir entrevistas de todos los empleados y supervisores de la empresa.

**CASTIGO POR VIOLACIÓN:** Los empleados que participan en discriminación, incluyendo pero no limitado a, acoso sexual y/o represalias, incluyendo supervisores y gerentes, pueden ser sometidos a graves medidas disciplinarias. Después de una investigación adecuada, cualquier empleado, sea parte de la gerencia/administracion, o un empleado de la empresa, a quien se ha determinado ser culpable de discriminación contra otro empleado sera sometido a sanciones adecuadas, dependiendo de las circunstancias, desde una advertencia en escrito en su archivo personal de empleo o hasta terminación de empleo.

**REPRESALIAS:** No habrá ningun tipo de represalia contra cualquier empleado porque esa persona se ha opuesto a lo que ellos creen que son prácticas de empleo ilegal, ha presentado una acusación de discriminación, ha dado testimonio, asistencia o ha participado en cualquier manera en una investigación, procedimiento o audiencia bajo del Título VII del Acto de Derechos Civiles de 1964. Frank A. Mora d/b/a Oasis Dry Cleaners no te castigara por reportar discriminación basada en el sexo o acoso sexual o simplemente porque han hecho una queja de acuerdo con las instrucciones de estas reglas.

ESTE ES UN AVISO OFICIAL Y NO DEBE SER REMOVIDO O ALTERADO POR NADIE. ESTE AVISO SERA PUBLICADO POR UN PERÍODO DE TRES (3) AÑOS.

Firmado este _____ día de _____ 2012.

_____            _____
Fecha                  Frank A. Mora